IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-30181

IN RE: GILBERT C. WILLIAMS,

                                    Movant.

-----------------------

Motion for an order authorizing
the United States District Court for the Eastern
District of Louisiana to consider
a successive 28 U.S.C. § 2254 application

-----------------------

Before GARWOOD, SMITH, and EMILIO M. GARZA, Circuit Judges.

BY THE COURT:

The district court transferred a habeas corpus application filed by Gilbert C. Williams (#95914), a state prisoner, to this court for a determination whether Williams may file a successive application in the district court. The court determined that Williams's application was successive after noting that Williams had filed a previous 28 U.S.C. § 2254 petition in which he challenged his 1980 second-degree murder conviction and that such petition was dismissed on the merits.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a second or successive § 2254 application must be certified by this court as provided in 28 U.S.C. § 2244 to contain either newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral

ORDER
No. 00-30181
-2-

review by the Supreme Court, that was previously unavailable. § 2244(b)(2)(A),(B). If the movant alleges newly discovered evidence, he must show that the factual predicate for the claim could not have been discovered through the exercise of due diligence; and that such facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. § 2244(b)(2)(B).

Williams seeks to file a § 2254 petition alleging that the prosecutor withheld evidence in violation of Brady v. Maryland, 373 U.S. 82 (1963). However, he has not made a prima facie showing that his motion satisfies the applicable requirements. See § 2244(b)(3)(C). Accordingly, his motion is DENIED.

MOTION DENIED.

APR 4 2000